IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:17-cr-00432-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHELLE MEDINA

    Defendant.

---

DEFENDANT MICHELLE MEDINA'S OBJECTIONS AND CORRECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (Doc. #17)

---

Defendant Michelle Medina, through undersigned counsel, Amanda B. Cruser, hereby sets forth her objections and corrections to the Presentence Investigation Report (Doc. #17), which was filed on February 6, 2018.

**Alias(es):**

The Defendant also believes she has been known as Michelle Medina Garcia.

**Paragraph 30:**

The Defendant disputes this paragraph just as she disputes the information provided in paragraph 28. She disputes the amount of "loss" given that at least half of the balance is for assessed penalties and interest and based on the fact that the assessed tax amounts assume that she received all of the corporate income despite the fact that her mother, Edna Medina, was still alive during those years and had an ownership interest in the company. Given that the Tax Court has not determined the amount owed, it is inappropriate to suggest that there was a $1,300,000 tax loss. The only purpose of including that information is to disparage the Defendant.

**Paragraphs 32-44:**

The Pre-Sentence Report states that the information contained in paragraphs 32 through 45 are taken from discovery materials, presumably from the Government and likely from the Special Agent's Report which has not been provided to the Defendant despite a request by the Defendant for the Report.  The Government takes the position that the Report would only be disclosed to the Defendant if the Defendant were to go to trial and the Special Agent was going to testify.  While that may be true with respect to a trial in this case, the Defendant is at a disadvantage in defending herself when the report that the U.S. Probation Office is relying on is a report that is not being disclosed to the Defendant.  It seems that once the Prosecution makes a determination to use the Special Agent's Report for their benefit in sentencing, that the Defendant should have the ability to review it in its entirety.

Paragraph 33 states that "MEDINA is the sole shareholder for RHHS, Inc."  RHHS, Inc. was incorporated in 2005 and both Michelle Medina and her mother Edna Medina were affiliated with that entity.  Michelle Medina was not the sole shareholder for RHHS, Inc. during her mother's lifetime.  The way this paragraph was written suggests that Michelle Medina was always the sole shareholder.

Paragraph 34 includes a statement relevant to Michelle Medina's mother Edna Medina but does not appear to have any bearing on Michelle Medina.  A review of the Colorado Secretary of State's website illustrates that the last filing for that entity was in 2006 and it took the Colorado Secretary of State six years to dissolve the corporation administratively for failing to cure its filing delinquency.  Thus, I don't believe this paragraph is relevant to the sentencing of Michelle Medina.

Paragraph 37 is inconsistent with the statement of facts from the plea agreement and does

not identify the name of the tax preparer.  The tax preparer who prepared the 2008 tax return that is the subject of the plea agreement was an attorney named Nathaniel Mirelez, and it is doubtful that an attorney would describe his client in that manner.  Given the inconsistencies between paragraphs 37 and 17 and the Defendant's inability to defend against allegations that have not been disclosed, the Defendant objects to this paragraph.  It appears to misstate the facts and is written to discredit and disparage the character of the Defendant.

Paragraph 39 states that "one of several return preparers MEDINA employed, Colonial Tax Consultants, prepared corporate income tax returns for RHHS that were never filed by Medina."  While this statement is true, undersigned counsel has been advised that because MEDINA was under criminal investigation by the IRS that her previous legal defense counsel advised her not to file the corporate tax returns.

Paragraph 41 misstates the circumstances surrounding the work of attorney John Claudell.  The Defendant hired John Claudell to represent her in her tax case as well as to assist her in preparing her 2011 tax return.  The Defendant acknowledges that she provided QuickBooks information to Claudell but states that the QuickBooks was essentially a check register that included all amounts spent out the corporate bank accounts.  She hired John Claudell to assist her with determining what expenses were legally deductible and as Claudell stated, he made adjustments to the Quickbook Records prior to preparing the tax returns.  The criminal tax loss calculations for the year 2011 are minimal with the exception of an amount for the sale of a property in 2011.  Based on the review of the 2011 tax return that was prepared by Mr. Claudell, it appears that Mr. Claudell mistakenly mixed up the cost basis and sales price of the property which resulted in a taxable loss instead of a taxable gain.  This paragraph is intended to disparage the Defendant when the truth is that she was actually attempting to prepare a true and correct tax

return using the assistance of an expert. Mr. Claudell apparently did not turn over the QuickBooks version that he had corrected based on attorney client privilege. Clearly the original QuickBooks that was provided was not utilized in the preparation of the 2011 tax return and therefore it is meaningless for purposes of sentencing in this case.

Paragraph 42 again relies on a set of QuickBooks that the Defendant never utilized for any tax filing. It should be removed in its entirety. There is no evidence anywhere in any of the returns that were filed that the Defendant suggested that she had loaned the company any sum of money.

Paragraph 43 also suggests malfeasance on the part of the Defendant for having multiple sets of QuickBooks. The Defendant acknowledges that she utilized the services of a number of alleged tax experts including tax attorneys. Those experts assisted in making adjustments to a version of QuickBooks that was nothing more than a checkbook register. All information concerning the QuickBooks records is not relevant to sentencing in this case given that those books were never used in the preparation of the returns that were filed. The Government has acknowledged that no corporate returns were filed and a review of the personal tax returns illustrates that in the years 2008, 2009 and 2010, the Defendant only included her wages and did not include dividends from the company—thus, the QuickBooks files were not utilized. In 2011, attorney John Claudell assisted her in preparing the tax return and used his own calculations to prepare the return which included reporting both wages and dividends from the company. He did not provide his corrected QuickBooks because he viewed them as being attorney client privileged documents.

Paragraph 44 should be removed for the same reasons stated above. Since no corporate tax returns were filed, any information contained in any of the different versions of QuickBooks

4

is not relevant.

**Paragraph 45**

Undersigned Counsel is working with the Government to reach an agreement on Tax Loss and it is anticipated that an agreement will be reached in the next week.

**Paragraph 73**

The last two sentences should be corrected to state:

"The Defendant reported she also learned during this time from her husband that the money they earned from the sale of their home in Hudson, Colorado, in 2014, was gone. The Defendant learned for the first time during a meeting with the Government that her husband had wired approximately $400,000 to Mexico." The Defendant does believe that he may be starting his own business but does not necessarily think that he is going to use the money that he wired to Mexico to do that.

**Paragraph 85**

The Defendant wants to clarify that she thinks she likely took her first sip of alcohol at age 12 but did not consume it regularly at that or any age.

**Paragraph 87**

Years ago, the Defendant requested graduation records from Monte Vista High School and she was told that she was told they had misplaced the records. They finally produced records to her, but the records also misstated the year she graduated.

**Paragraph 88**

The Defendant cannot explain the records obtained from Front Range Community College and wonders if they belong to someone else. She did not attend Front Range in 1992, 1996 or 1997.

**Paragraph 89**

It would appear there may be an issue with the initial dates of attendance here too, since it states that she enrolled after she graduated. It may be a typo.

**Paragraph 96**

Should state has always worked in the "healthcare industry," it wasn't always home healthcare.

**Paragraph 100**

Monthly Income does not appear to include the Defendant's Income as provided during the interview. The Defendant has lost her health insurance so that is no longer a monthly expense. The GMC is registered in her husband's name and she is no longer making payments on it.

**Paragraph 102**

The cell phones were birthday gifts for her twins.

**Paragraph 103**

The November 13, 2017 deposit was related to an annuity that was cashed out in order to pay bills. The bank statements establish that the $41,893.40 was deposited on November 13th, the following day she withdrew funds to pay bills, then the account was garnished due to a civil judgment relating to the business and thereafter she withdrew the rest of the remaining funds to be sure that they could be used to pay bills without worrying that they would be garnished.

**Paragraph 105**

Account 7835- Reliable Home Health Services Inc.

This account had transfers out in the total amount stated. Of that amount $53,300 went into the Reliable Home Health Services Account ending in 2461, $51,833.44 when into a payroll

6

account ending in 6105 used exclusively by ADP Payroll to pay salaries and employment taxes. This can be confirmed by reviewing the other monthly statements provided for this account, and the remaining $11,000 went into account 6148 which is a personal account that is held by the Defendant and her husband. I will attempt to locate the additional bank statements and provide them.

### Paragraph 106

I will get you documentation regarding cash payments for utilities expenses.

### Paragraph 109

Given the large amount of restitution in this case, it appears to be unlikely that the Defendant could pay a fine and restitution and her ability to earn a good income will be significantly impaired by her felony conviction.

### R-1 Interest

The IRS assesses and collects interest on any outstanding balance owed. Thus, if the Court orders the Defendant to pay interest, the Defendant will be paying interest both on the restitution and on the amounts owed to the IRS which is duplicative.

### R-3 JUSTIFICATION

The defendant failed to report all of her personal income, not her personal expenses to the Internal Revenue Service.

Exhibits B and C may need to be adjusted after the parties agree to the Tax Loss Calculations.

Respectfully submitted February 20, 2018.

                                              s/Amanda B. Cruser_____
*Amanda B. Cruser*
Boog & Cruser, P.C.
3333 S. Wadsworth Blvd., D-201
Lakewood, CO 80227
Phone:  (303) 986-5769
Fax:  (303) 985-3297
abcruser@vfblaw.com
Attorney for Defendant Medina

CERTIFICATE OF SERVICE

      I hereby certify that on February 20, 2018, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following email addresses:

Kathleen Barry, Assistant U.S. Attorney
Kathleen.M.Barry@usdoj.gov


Paige J Meador, U.S. Probation Officer


                                           s/Amanda B. Cruser_____
                                           *Amanda B. Cruser*
                                           Boog & Cruser, P.C.
                                           3333 S. Wadsworth Blvd., D-201
                                           Lakewood, CO 80227
                                           Phone:  (303) 986-5769
                                           Fax:  (303) 985-3297
                                           abcruser@vfblaw.com
                                           Attorney for Defendant Medina